Whaley, Judge,
delivered the opinion of the court:
Plaintiff, an engineman, first class, Navy Department, sues to recover the sum of $573.20, allegedly due him as accumulated additional pay at the rate of $0.05 per hour from December 2, 1926, to June 30, 1931, under the provisions of the Schedule of Wages for Civil Employees under the Naval Establishment.
*725 Plaintiff was assigned in charge of the power-house watch at the naval fuel depot, Point Loma, California, on October 8, 1920, and has been serving continuously in that capacity. During the period in question in this suit, there was in force and effect a Schedule of Wages for Civil Employees under the Naval Establishment, note 52 of which reads as follows:
“ Mechanics in charge of a watch in the power house of less than six employees, exclusive of laborers and helpers, shall, unless holding a supervisory rating, receive $0.05 per hour in addition to their schedule rate of pay.”
The only change made in this regulation was that in the Schedule of Wages for 1929 the word “ six ” was changed to “ four ” and the regulation so continued during the years 1980 and 1931. The plaintiff did not receive the additional pay during the period involved herein, but after June 30, 1931, he received $0.05 per hour in addition to his schedule rate of pay.
Defendant contends that plaintiff’s request for additional pay was refused by the Comptroller General and upon a petition for review, settlement was refused because the plaintiff did not show that he had been officially designated in permanent charge of a watch.
The evidence shows that plaintiff served continuously as mechanic in charge of the watch at the naval fuel depot for more than six years prior to the period in question; that he served continuously in that capacity for the more than four years involved in this suit; in all, a period of approximately eleven years’ continuous service. We are, therefore, of the opinion that the plaintiff waipcontinuously and permanently in charge of the watch at the naval fuel depot and is entitled to recover the additional pay of $0.05 per hour as provided by the regulation.
Judgment will be rendered in the amount of $573.20. It is so ordered.
Williams, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.